

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jim W. Sowell
County Attorney
Hardeman County
Quanah, Texas

Dear Sir:

Opinion No. O-4165
Re: Fees due County Treasurer.

We acknowledge receipt of your opinion request of recent date, and quote from your letter as follows:

"I will greatly appreciate the opinion of your department on the questions involved in the following fact situation:

"'In 1939, Hardeman County issued its funding bonds against the road and bridge fund in the amount of $74,813.26 and took up outstanding road and bridge warrants which were held by the local depository. The County Treasurer did not collect any fees as commission on these warrants originally held by the bank at the time the warrants were issued to various persons and which later accumulated in the bank. These warrants were merged into funding bonds by virtue of a Special Act of the Legislature (S.B. No. 469, Acts of 46th Legislature, Regular Session).

"'First: Is the County Treasurer entitled to receive, as commission, fees for the registration of warrants at the time they were issued?

"'Second: Will the County Treasurer be entitled to receive, as commission, fees for the paying off of the funding bonds as they fall due together with interest thereon as it accrues?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jim W. Sovell, Page 2

"Third: Does the registration of a warrant by a County Treasurer amount to a disbursement or 'money paid out by him' as contemplated by Art. 3941, R.C.S. 1925, when applied to the foregoing facts?"

Your questions numbers 1 and 3 are answered in the negative.

Article 3941, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The County Treasurer shall receive commissions on the moneys received and paid out by him. * * *." (Underscoring ours)

In our opinion the statute is plain that the Treasurer is entitled to commissions only on money received and money paid out. There is no disbursement of county funds at the time of the issuance of warrants or at the time of registration of same. It is simply the county's promise to pay at some future date.

In reply to your second question we advise that this department has held in Opinion No. O-4094 upon the maturity of each series of warrants or funding bonds and their cancellation by payment from the County Treasury, the Treasurer may legally charge his commission on the amount paid out.

The following authorities appear to support our views as expressed herein:

Baylor County vs. Taylor, 22 S.W. 982;
Farmer vs. Aransas County, 53 S.W. 637 (writ refused);
McKinney vs. Robinson, 19 S.W. 699.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Claud O. Boothman
Assistant

APPROVED DEC 20 1941

_____
FIRST ASSISTANT
ATTORNEY GENERAL

COB:RS

APPROVED
OPINION
COMMITTEE
BY _____ CHAIRMAN